UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| BRIAN G., | NO. 2:21-CV-0292-TOR |
|---|---|
| Plaintiff, | |
| v. | ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

BEFORE THE COURT are the parties' cross-motions for summary judgment (ECF Nos. 10, 13). This matter was submitted for consideration without oral argument. The Court has reviewed the administrative record and is fully informed. For the reasons discussed below, the Court **DENIES** Plaintiff's Motion and **GRANTS** Defendant's Motion.

**JURISDICTION**

The Court has jurisdiction pursuant to 42 U.S.C. § 405(g).

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 1

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited: the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158-59 (9th Cir. 2012) (citing 42 U.S.C. § 405(g)). "Substantial evidence" means relevant evidence that "a reasonable mind might accept as adequate to support a conclusion." *Id.* at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether this standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id.* An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination."

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 2

*Id.* at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## FIVE STEP SEQUENTIAL EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Second, the claimant's impairment must be "of such severity that [he or she] is not only unable to do [his or her] previous work[,] but cannot, considering [his or her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 § 404.1520(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. § 404.1520(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 404.1520(b).

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 3

If the claimant is not engaged in substantial gainful activities, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. § 404.1520(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. § 404.1520(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. *Id.*

At step three, the Commissioner compares the claimant's impairment to several impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(iii). If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. § 404.1520(d).

If the severity of the claimant's impairment does meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity." Residual functional capacity ("RFC"), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations (20 C.F.R. § 404.1545(a)(1)), is relevant to both the fourth and fifth steps of the analysis.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 4

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past ("past relevant work"). 20 C.F.R. § 404.1520(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 404.1520(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. § 404.1520(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and work experience. *Id.* If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 404.1520(g)(1). If the claimant is not capable of adjusting to other work, the analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. *Id.*

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 5

numbers in the national economy." 20 C.F.R. § 404.1560(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

On September 3, 2019, Plaintiff protectively filed an application for Title II disability insurance benefits, alleging an onset date of December 1, 2017. Tr. 18. The application was denied initially, Tr. 254-60, and on reconsideration, Tr. 262-68. On December 14, 2020, Plaintiff appeared at a hearing before an administrative law judge ("ALJ"). Tr. 40-77. On January 14, 2021, the ALJ denied Plaintiff's claim. Tr. 190-237. On August 4, 2021, the Appeals Council denied review. Tr. 6-12.

As a threshold matter, the ALJ found Plaintiff met the insured status requirements of the Social Security Act through June 30, 2018. Tr. 35. At step one of the sequential evaluation analysis, the ALJ found Plaintiff had not engaged in substantial gainful activity from December 1, 2017, the alleged onset date, through June 30, 2018, the date last insured. *Id*. At step two, the ALJ found Plaintiff had the following medically determinable impairments: lumbar degenerative disc disease status post-surgery, a right wrist injury, headaches, hypertension, and mild depression. Tr. 36. However, the ALJ found Plaintiff did not have any severe impairments or severe combination of impairments. *Id.* Therefore, the ALJ did not address the remaining sequential steps after

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 6

determining Plaintiff was not under a disability during the relevant seven month time period. Tr. 42.

On August 4, 2021, the Appeals Council denied review, Tr. 6-12, making the ALJ's decision the Commissioner's final decision for purposes of judicial review. *See* 42 U.S.C. § 1383(c)(3).

## ISSUE

Plaintiff raises the following issue for the Court's review:

1. Whether the ALJ properly evaluated Plaintiff's impairments at step two;
2. Whether the ALJ erred in failing to conduct a remaining assessment at steps three, four, and five;
3. Whether the ALJ properly evaluated Plaintiff's symptom testimony;
4. Whether the ALJ properly evaluated the medical opinion evidence.

ECF No. 10 at 8.

## DISCUSSION

**A. Step Two**

Plaintiff asserts the ALJ erred by finding he did not have any severe impairments. ECF No. 10 at 13-16.

At step two of the sequential evaluation process, the ALJ considers the severity of the claimant's medically determinable impairment or combination of

impairments. 20 C.F.R. § 404.1520(a)(4)(ii). First, the claimant must prove the existence of a physical or mental impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings; the claimant's own statement of symptoms alone will not suffice. 20 C.F.R. § 404.1521. Second, the claimant must show the medically determinable impairment or combination of impairments are severe, i.e., significantly limit the claimant's physical or mental ability to do basic work activities. 20 C.F.R. § 404.1520(c). An impairment is not severe when "medical evidence establishes only a slight abnormality or a combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work." Social Security Ruling (SSR) 85-28, 1985 WL 56856, at *3.

Step two is "a de minimis screening device to dispose of groundless claims." *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996) (citation omitted). "Thus, applying our normal standard of review to the requirements of step two, [the Court] must determine whether the ALJ had substantial evidence to find that the medical evidence clearly established that [Plaintiff] did not have a medically severe impairment or combination of impairments." *Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005).

Here, the ALJ noted that the relevant 7 month period was within a larger 2.5 year period of no documentation: "[T]here is no documentation of any objective

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 8

pathology or even subjective complaints of symptoms during or anywhere near the relevant period. With such an absence of records, it would be very difficult for the claimant to carry his burden of proof." Tr. 37. Plaintiff concedes no medical records exist from the relevant time period, nor is there any other contemporaneous documentation of Plaintiff's condition(s) during the relevant period. ECF No. 10 at 19; Tr. 205-06, 232-34 (did not seek medical treatment due to no insurance, did not get along with a particular doctor, and wanted a specialty provider apparently not available in free clinics nor emergency room). Rather, Plaintiff argues the ALJ should infer Plaintiff's disability based on Plaintiff's own statements at the hearing, records from years prior to the relevant date, and Dr. Smiley's speculation during the hearing. *See* ECF No. 10.

Plaintiff argues the hearing testimony from an impartial psychological medical expert supports an inference that Plaintiff established a severe impairment during the relevant period. ECF No. 10 at 10. However, when asked whether Plaintiff was having back or balance problems during the relevant period, Dr. Smiley said "We don't know for sure." Tr. 198. Regarding the head impairments, Dr. Smiley similarly said: "We don't have records telling us how he was doing." Tr. 199. While Dr. Smiley speculated that he believed Plaintiff may have been symptomatic during the relevant period, there was no evidence to form an opinion: "I just don't think we have enough information to make an informed opinion about

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 9

1 | that period. We can guess, but guessing doesn't count." Tr. 201.

2 |     The ALJ considered the testimony and record and concluded there were no
3 | objective medical findings that supported a severe medically determinable
4 | impairment during the relevant period. Once the ALJ concluded Plaintiff did not
5 | suffer from a severe impairment, the ALJ's inquiry ended because Plaintiff could
6 | not meet the statutory definition of disability. Consequently, the ALJ was not
7 | obligated to determine the established onset date. *See Social Security Ruling (SSR)*
8 | *18-01p; Titles II & Xvi: Determining the Established Onset Date (EOD) in*
9 | *Disability Claims*, 2018 WL 4945639, *2 (Oct. 2, 2018) (stating a claimant must
10 | first meet the statutory definition of disability and the non-medical requirements
11 | during the covered period before the established onset date can be determined).

12 |     The Court finds the ALJ's determination that Plaintiff did not suffer a severe
13 | impairment, and is therefore, not disabled, is substantially supported by the lack of
14 | any evidence from the relevant time period. 20 C.F.R. § 404.1521. The Court
15 | need not address Plaintiff's remaining issues because the analysis ends when a
16 | claimant is determined not disabled at step two. 20 C.F.R. § 404.1520(c).
17 | //
18 | //
19 | //
20 | //

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 10

**CONCLUSION**

Having reviewed the record and the ALJ's findings, this Court concludes the ALJ's decision is supported by substantial evidence and free of harmful legal error.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment (ECF No. 10) is **DENIED**.

2. Defendant's Motion for Summary Judgment (ECF No. 13) is **GRANTED**.

The District Court Executive is directed to enter this Order, enter judgment accordingly, furnish copies to counsel, and **CLOSE** the file.

DATED June 9, 2022.



THOMAS O. RICE
United States District Judge

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 11